IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned October 2, 2013

## MICHAEL ADCOCK, ET AL. v. CHEATHAM COUNTY BOARD OF EDUCATION

**Appeal from the Chancery Court for Cheatham County**
**No. 15200     Larry J. Wallace, Judge**

_____

**No. M2013-00849-COA-R3-CV - Filed October 7, 2013**

_____

This is an appeal from a summary judgment order awarding the plaintiffs an easement across the defendant's property. Because the order does not dispose of the plaintiffs' claim for attorney's fees, we dismiss the appeal for lack of a final judgment.

**Tenn. R. App. P. 3, Appeal as of Right; Appeal Dismissed**

PATRICIA J. COTTRELL, P.J., M.S., FRANK G. CLEMENT, JR., J. and ANDY D. BENNETT, J.

Allen Woods, Larry D. Woods, Nashville, Tennessee, for the appellant, Cheatham County Board of Education.

Eric Kerwin Lockert, Ashland City, Tennessee, for the appellees, Michael and Tammy Adcock.

**MEMORANDUM OPINION**[1]

Michael and Tammy Adcock own eighty-four landlocked acres of land immediately behind Cheatham County Central High School. On September 15, 2011, Mr. and Mrs. Adcock filed a complaint against the Cheatham County Board of Education seeking a declaratory judgment regarding an easement they claim across the property on which the high

_____

[1]Tenn. R. Ct. App. 10 states:
This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

school is located.  On March 22, 2013, the trial court granted Mr. and Mrs. Adcock's motion for summary judgment and awarded them an easement across the school property.  However, the order "reserved for future disposition" the issue of attorney's fees.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a); *King v. Spain,* No. M2006-02178-COA-R3-CV, 2007 WL 3202757 at *8 (Tenn. Ct. App. October 31, 2007).  A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997).  An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right.  Tenn. R. App. P. 3(a).

The record on appeal was filed with the clerk of this court on June 28, 2013.  Upon review of the record, this court determined that the order appealed was not final because the trial court had reserved the issue of attorney's fees.  Accordingly, the court ordered the parties either to obtain a final order from the trial court within ninety days or else to show cause why the appeal should not be dismissed. Although more than ninety days have now passed, the parties have neither obtained a final order nor otherwise responded to this court's show cause order.

The appeal is hereby dismissed for lack of a final judgment without prejudice to the filing of a new appeal once a final judgment has been entered.  The case is remanded to the trial court for further proceedings consistent with this opinion.  The costs of the appeal are taxed to Michael Adcock and Tammy Adcock and to their surety for which execution may issue.

PER CURIAM